UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ZACHARY HUTCHINSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:15-cv-01798-JMS-DML ) |
| SUPERINTENDENT *New Castle Correctional Facility,* | ) ) ) ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Zachary Hutchinson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCF 15-08-0229. For the reasons explained in this Entry, Hutchinson's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v.*

*McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On August 20, 2015, Correctional Officer Page issued a Report of Conduct charging Hutchinson with battery in violation of Code B-212. The Report of Conduct states:

> On this day and approximate above time, this CM was reviewing video and observed offenders Galana (238362) and Hutchinson (139007) enter the bed area of C2-121. These offenders were identified through bed rosters and following the offenders to bunks in video and visual identification. Offenders Galana and Hutchinson did hit another offender and took his commissary. An offender welfare check was conducted by CM Page. The Offender in C2-121 did have a visible bruise on his right ear. Offender Hutchinson was informed he would receive a disciplinary write up.

Hutchinson was notified of the charge on August 25, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Hutchinson did not want to call any witnesses but that he requested the video as evidence. The video was reviewed, and the summary states:

> The video for the above case was reviewed from 08:50 to 09:05 as the offender requested. It does appear that there was some kind of disturbance in this area and that offender Hutchinson, Zachary #139007 may have been involved. However video is inconclusive due to poor video quality and area being blocked by the front row bunks. Camera does not record sound.

The Hearing Officer conducted a disciplinary hearing on August 26, 2015. Hutchinson provided a statement, "I had no marks on me and I have no marks or comm. items." The Hearing Officer relied upon staff reports, the statement of the offender, the video, the medical report, and the incident report to determine that Hutchinson had committed battery in violation of Code B-212. The sanctions imposed included lost commissary and phone privileges, three months of disciplinary segregation, the loss of 90 days of earned credit time, and the demotion from credit

class I to class II. The Hearing Officer imposed the sanctions because of seriousness and nature of the offense and the degree to which the violation disrupted or endangered the security of the facility.

Hutchinson's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C.  Analysis**

Hutchinson challenges the disciplinary conviction arguing that there was no physical evidence to convict him and that the hearing officer relied on improper evidence.

1. Physical Evidence

Hutchinson first claims that the physical evidence used to find him guilty was not documented in the Report of Conduct as required by IDOC policy and that he could not present an adequate defense as a result. But violations of IDOC policy or of state law do no rise to the level of due process violation. *Estelle v. McGuire*, 502 U.S. 62 (1991).

Due process in a disciplinary proceeding does require that an offender receive written notice of the charge against him. *Hill*, 472 U.S. at 454. The conduct report here clearly set forth the offense Hutchinson was being charged with and the conduct which warranted the charge. The conduct report was sufficient to allow Hutchinson to prepare a defense, and any alleged failure to include in it the physical evidence did not deprive Hutchinson of due process.

2. Sufficiency Evidence

Hutchinson also argues that the evidence was not sufficient to convict him. Specifically, he argues that the video was determined to be inconclusive.

In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence,

but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

Here, there was evidence that when Officer Page reviewed video, she observed Hutchinson strike another inmate. Officer Page conducted a welfare check and observed a bruise on the inmate who was struck. The video summary requested by Hutchison stated that there appeared to be "some kind of disturbance and that offender Hutchinson . . . may have been involved." Hutchinson relies on the statement in the video summary that the video was "inconclusive" to argue that the evidence against him was insufficient. But the Hearing Officer considered the Conduct Report by Officer Page, the video, the medical report, and Hutchinson's statement in reaching the guilty determination. To hold that the evidence against Hutchinson is insufficient based on the video summary, reporting that a disturbance took place but that the video is inconclusive, would require this Court to reweigh the evidence. Because the Court cannot reweigh the evidence and because there is "some evidence" in the record to support the guilty finding, including the Conduct Report, there was sufficient evidence to support the guilty finding.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Hutchinson to the relief he seeks. Accordingly, Hutchinson's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: <u>May 25, 2016</u>

*[Signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ZACHARY HUTCHINSON
139007
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All electronically registered counsel